### 2890.   BLANCHARD *v.* THE STATE.

POWELL, J.  This case is controlled by *Blanchard* v. *State*, No. 2889, ante, 419.                                                       *Judgment affirmed.*

DECIDED NOVEMBER 11, 1910.

Indictment for sale of liquor; from Worth superior court—Judge Park.   July 23; 1910.

*J. J. Forehand,* for plaintiff in error.

*W. E. Wooten, solicitor-general,* contra.

---

### 2892.   STRICKLAND *v.* THE STATE.

1. Although grounds of a motion for new trial are not formally approved, they are to be considered when it is certified in the bill of exceptions that the statements of fact contained in them were approved as true.
2. It was error to admit hearsay to prove the guilt of the accused, especially when the statement of the witness, inculpatory of the defendant, was not a part of the res gestæ of the transaction, nor made in the presence of the defendant.
3. An instruction of the court to the jury which intimates that a party has made an unsuccessful effort to establish a specified contention, when his contention is different, necessarily depreciates the weight of the testimony used for that purpose, and is error.
4. An instruction not warranted by the evidence in the case on trial, and upon a point as to which no evidence was introduced, is erroneous.

DECIDED NOVEMBER 11, 1910.

Accusation of sale of liquor; from city court of Quitman—Judge McCall.   April 20, 1910.

*J. D. Wade, Grover C. Edmondson, James Humphreys,* for plaintiff in error.

*S. M. Turner, solicitor, B. C. Gardner,* contra.

RUSSELL, J.  The defendant was convicted of a misdemeanor, and excepts to the judgment overruling his motion for new trial. In addition to the general grounds of the motion for a new trial, the movant filed in the court below an amendment containing several additional grounds.

1.  It appears from the record that the trial judge did not sign the formal order verifying the recitals of fact in the amendment and approving its several grounds.  For this reason it is insisted by counsel for the defendant in error that the amended grounds of the motion for a new trial can not be considered.  This would undoubtedly be true if nothing further appeared; for it is a uni-